# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS PAUL LEBON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-256-TIA |
| | ) | |
| ST. LOUIS METRO POLICE DEPT. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Thomas Paul Lebon (registration no. 358989), an inmate at the Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $.44. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at

3

1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Missouri Eastern Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 against defendants St. Louis Metro Police Department, Officer Thomas Scanlon, and Chief of Police Daniel Isom. Plaintiff alleges that he was severely beaten and denied medical treatment on or about April 25, 2012, while he was being booked-in at the St. Louis Metropolitan Police Station.

## Discussion

The Court has reviewed the complaint under 28 U.S.C. § 1915(d) and believes that, although plaintiff may be able to assert a claim based upon the denial of his Constitutional rights, he has failed to state a claim upon which relief may be granted

4

at this time, because the complaint is silent as to whether he is suing the named individual defendants in their official and/or individual capacities.[1] In addition, he has failed to set forth, in a simple, concise, and direct manner as to each named defendant, the specific factual allegations supporting each of his claims. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also, Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Moreover, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the

---

[1] "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out in a simple, concise, and direct manner, not only his constitutional claims, but also the facts supporting these claims as to each named defendant.

Because plaintiff is proceeding pro se, the Court will allow him time to file an amended complaint in accordance with this Memorandum and Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue *and the capacity in which he is suing the defendant* (i.e., individual capacity, official capacity, or both); and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. Plaintiff shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant

6

violated. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Plaintiff shall sign the amended complaint.

Although police departments, such as the St. Louis Metro Police Department, are not suable entities under § 1983, *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992), the Court will take no action as to the named defendants at this time, because it is allowing plaintiff to amend his complaint. Plaintiff is advised that his amended complaint will replace his original complaint and will be the only complaint this Court reviews. The Court will not consider any claims that are not included in the amended complaint, even if they were asserted in the earlier complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this case as *Thomas Paul Lebon v. St. Louis Metro Police Department, Thomas Scanlon, and Daniel Isom.*

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.75 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on or before April 15, 2013**, that complies with this Memorandum and Order.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall mail plaintiff a copy of the Court's form for prisoners to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice. If the

case is dismissed for non-compliance with this Order, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this  14th  day of March, 2013.

                              /s/ Terry I. Adelman
                              **UNITED STATES MAGISTRATE JUDGE**