# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS PAUL LEBON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:13-CV-256-TIA |
| ST. LOUIS METRO POLICE DEPT., et al., | ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #6] and supplement [Doc. #12]. For the reasons stated below, the Court will order the Clerk of Court to issue process as to defendant Thomas Scanlon in his individual capacity and will dismiss plaintiff's official-capacity claims against this defendant.

## 28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any

portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992).

**The Pleadings**

Plaintiff, an inmate at the Missouri Eastern Correctional Center, brings this action for monetary relief pursuant to 42 U.S.C. § 1983 against defendant Thomas Scanlon (police officer) in his individual and official capacities.[1] Plaintiff alleges constitutional violations arising out of an incident on or about April 25, 2012, when Scanlon physically assaulted plaintiff for no justifiable reason, thereby resulting in serious physical injuries to plaintiff. Plaintiff's 42 U.S.C. § 1983 claims against Thomas Scanlon in his individual capacity state a claim for Fourteenth Amendment

---

[1]Plaintiff names police officer Thomas Scanlon as the sole defendant in this case. As such this case shall be terminated at to St. Louis Metro Police Department and Daniel Isom, who were previously named as defendants in the original complaint.

violations, and therefore, the Court will order process to issue against defendant Thomas Scanlon in his individual capacity.

Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant Thomas Scanlon in his official capacity.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued upon the amended complaint as to defendant Thomas Scanlon in his individual capacity.

**IT IS FURTHER ORDERED** that defendant Scanlon, in his individual capacity, shall reply to the amended complaint within the time provided by the

applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against defendant Thomas Scanlon are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Thomas Paul Lebon v. Thomas Scanlon*.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal of Claims shall accompany this Memorandum and Order.

Dated this 3rd day of July, 2013.

                                         /s/Jean C. Hamilton
                                         **UNITED STATES DISTRICT JUDGE**