UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS PAUL LEBON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-256-TIA |
| THOMAS SCANLON, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for default judgment against defendant Thomas Scanlon, a City of St. Louis police officer [Doc. #20].

## Background

Plaintiff filed this action on or about February 8, 2013, and requested permission to proceed in forma pauperis. On March 14, 2013, the Court granted plaintiff in forma pauperis status and instructed him to file an amended complaint [Doc. #5] and a supplement [Doc. #10]. On July 3, 2013, the Court issued an Order of Partial Dismissal [Doc. #14] and ordered the Clerk to serve process on defendant Thomas Scanlon in his individual capacity [Doc. #13]. The Clerk prepared a summons for defendant Scanlon and forwarded it to the Marshals Service on July 25, 2013 [Doc. #18]. The Marshals Service filed a return of service on August 23, 2013 [Doc. #19].

The return of service indicates that the Marshals Service served a copy of the complaint and summons on August 23, 2013, on "Natalie Henson, SLMPD Legal Dept." There is no indication that Natalie Henson is authorized by appointment or by law to receive process on behalf of defendant Scanlon. To date, counsel has not entered an appearance on behalf of Thomas Scanlon, and said defendant has not filed a responsive pleading to the complaint.

On September 16, 2013, plaintiff filed a motion for default judgment against defendant Scanlon for "failure to respond to the twenty-one day service of entry."

## Discussion

Upon review of the file, the Court finds that defendant Thomas Scanlon was not served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual or a government official named in his or her individual capacity.

Rule 4(e)(1)-(2) states that service may be made on an individual by following state law or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by

2

law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). The August 23, 2013 service of process by the Marshals Service was insufficient, because there is no indication that Natalie Henson is an "agent authorized by appointment or by law to receive service of process" and because defendant's workplace is not his "dwelling or usual place of abode." Moreover, the Court notes that it appears the Marshal served a copy of the complaint, rather than the amended complaint.[1] Because the Marshals Service failed to serve process on defendant in accordance with Rule 4(e), the Court has not acquired jurisdiction over defendant Scanlon. *See, e.g., Peterson v. Sheran*, 635 F.2d 1335, 1337 (8th Cir. 1980).

Rather than issue an Order directing the Marshals Service to serve defendant Scanlon in accordance with the Rules of Civil Procedure, the Court will instruct the Clerk of Court to issue process under the Waiver of Service Agreement that the Court maintains with the St. Louis City Counselor's Office. In this regard, the Court takes judicial notice of the fact that on August 31, 2013, control of the City of St. Louis

---

[1] In its July 3, 2013 Memorandum and Order [Doc. #13], the Court ordered the Clerk to issue process or cause process to be issued upon the amended complaint.

3

Police Department changed from the Board of Commissioners to the City of St. Louis.[2]

The St. Louis City Police Department falls under the St. Louis Department of Public Safety. Given that the Court's Waiver of Service Agreement states that certain City of St. Louis officials and employees of the Department of Public Safety may be covered under the Agreement, it appears that the St. Louis City Counselor's Office may elect to accept service of process on the in forma pauperis amended complaint filed in the instant case. The Agreement further provides that waiver of service, or the refusal to waive service, with respect to each named defendant will be stated in writing by the St. Louis City Counselor's Office. Thus, the Court presumes that if the City elects not to accept service by waiver on behalf of defendant Scanlon, the City Counselor's Office will notify the Court of its decision, in writing.

Accordingly,

**IT IS HEREBY ORDERED** that, as to defendant Thomas Scanlon in his individual capacity, the Clerk of Court shall issue process on the amended complaint under the Waiver of Service Agreement the Court maintains with the City of St. Louis

---

[2]In November 2012, Missouri voters approved the return of the City of St. Louis Police Department to local control. Mayor Francis Slay signed an executive order on August 31, 2013, officially accepting oversight of the Police Department from the Board of Police Commissioners.

City Counselor's Office.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #20] is **DENIED**, without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

<pre>                              /s/ Terry I. Adelman    </pre>
<pre>                              UNITED STATES MAGISTRATE JUDGE</pre>

Dated this 19th day of September, 2013.