# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS PAUL LEBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13-CV-256-TIA |
| | ) |
| THOMAS SCANLON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is a letter dated September 27, 2013, from the City of St. Louis City Counselor, stating that they cannot waive service on defendant Thomas Scanlon, because they have not been given authority to do so [Doc. #23].

In the absence of a waiver of service on defendant Scanlon, and having previously determined that the United States Marshals Service ("Marshals Service") failed to properly serve process in this action on August 23, 2013,[1] in accordance with

---

[1] As this Court previously explained, the August 23, 2013 service of process by the Marshals Service was insufficient, because there is no indication that "Natalie Henson" is an "agent authorized by appointment or by law to receive service of process" on behalf of Thomas Scanlon, and defendant's workplace is not his "dwelling or usual place of abode." Moreover, the Court notes that it appears the Marshal served a copy of the complaint, rather than the amended complaint [Doc. #21].

Rule 4 of the Federal Rules of Civil Procedure, the Court will instruct the Marshals Service to serve process on Thomas Scanlon in accordance with the specific instructions set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that the United States Marshals Service shall serve defendant Thomas Scanlon in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure.[2]  Specifically, the Marshals Service shall serve the defendant by delivering the alias summons and amended complaint [Doc. #6] to Thomas Scanlon, personally.[3]

---

[2]Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure states that service may be made on an individual by following state law or by:
    (A) delivering a copy of the summons and of the complaint to the individual personally[.]

[3]Plaintiff has not yet provided the Court with defendant Thomas Scanlon's personal address; however, it appears that Scanlon is currently working as a St. Louis City police officer.  As such, the Marshals Service should attempt to ascertain when would be an appropriate time to personally serve Thomas Scanlon at work.

2

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide the Marshals Service with a copy of this Memorandum and Order.

Dated this  8th  day of October, 2013.

/s/ Terry I. Adelman
**UNITED STATES MAGISTRATE JUDGE**
