UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS PAUL LEBON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:13CV256 TIA |
| THOMAS SCANLON, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Missouri Public Defender's Office to produce a copy of the trial transcript and booking sheet (ECF No. 37) and on Plaintiff's Motion for Appointment of Counsel (ECF No. 40). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On February 8, 2013, Plaintiff filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. (ECF No. 1) He filed an Amended Complaint on March 22, 2013. (ECF No. 6) On July 3, 2013, United States District Judge Jean C. Hamilton ordered process to be issued upon the amended complaint as to Defendant Thomas Scanlon in his individual capacity. (ECF No. 13) Plaintiff asserts that Defendant Scanlon beat Plaintiff with a weapon during an interrogation at the St. Louis Metropolitan Police Department and that Plaintiff continues to have problems stemming from the injuries. (Am. Compl. 5-6, ECF No. 6)

On February 20, 2014, Plaintiff filed a motion asking this Court to order the Missouri Public Defender's Office to produce a copy of the trial transcript and booking sheets. (ECF No. 37) Defendant filed a response in opposition, asserting that the Court cannot compel a nonparty to produce documents. (ECF No. 39) Plaintiff has not filed a reply. In addition, Plaintiff filed a

motion for appointment of counsel on March 10, 2014, claiming that he does not have access to the law library or to a private attorney. (ECF No. 40) In response, Defendant contends that the circumstances of the case do not warrant court-appointed counsel. (ECF No. 42)

The Court will deny both of Plaintiff's motions. The Court construes Plaintiff's "Motion Requesting this Hon. Court to Grant a Order Ordering the Missouri Public Defenders Office to Provide the Plaintiff with one Set Trial Transcripts and one Copy of Booking Sheets, that are in Support of Plaintiff Claim" as a motion to compel under Fed. R. Civ. P. 37. Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Defendant correctly states that "Rule 37's motion to compel provisions apply only to failure to produce documents by parties to an action." Grace v. Hakala, No. 1:11CV81 LMB, 2012 WL 2190902, at *3 (E.D. Mo. June 14, 2012) (citation omitted). As such, a plaintiff cannot file a motion to compel based on the failure of a nonparty to produce documents. Id. Here, Plaintiff has requested documents from the Missouri Public Defender's Office, a nonparty, pertaining to documents associated with his criminal trial and not this civil action.

Further, to the extent Plaintiff's motion seeks production of documents pursuant to a subpoena duces tecum under Fed. R. Civ. P. 45, Plaintiff has failed to follow the proper procedure. See e.g., Grace, 2012 WL 2190902, at *6 (noting that in forma pauperis status does not entitle a plaintiff to disregard the requirements of Rule 45). The Court therefore will deny Plaintiff's motion to compel production of documents at this time.

With regard to Plaintiff's motion for appointment of counsel, "'[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" Davis v. Scott, 94 F.3d

444, 447 (8th Cir. 1996) (quoting Edgington v. Missouri Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. Id. (citing Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint and Defendant's Answer, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises only one claim, that Defendant used excessive force. Further, the undersigned notes that Plaintiff has thus far clearly articulated and presented his legal claims to the Court. In addition, Plaintiff appears able to investigate the facts of his case. Because the factual nature and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff's motion should be denied. Plaintiff is free to renew his motion in the event that such circumstances change in the future.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Missouri Public Defender's Office to produce a copy of the trial transcript and booking sheet (ECF No. 37) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 40) is **DENIED** without prejudice.

        /s/ Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of August, 2014.